Case 8:25-cv-03435-WFJ-AAS   Document 1   Filed 12/15/25   Page 1 of 8 PageID 1

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

__Middle__ District of __Florida__

_____ Division

IESHA SPRADLEY

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

ULTIMATE MEDICAL ACADEMY, LLC

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 8:25-cv-3435-WFJ-AAS
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒Yes ☐No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.   **The Parties to This Complaint**

    A.   **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Iesha Spradley |
| Street Address | 11500 Summit West Blvd Apt 42A |
| City and County | Temple Terrace, Hillsborough |
| State and Zip Code | Florida, 33617 |
| Telephone Number | 813-475-1683 |
| E-mail Address | esha28brown@yahoo.com |

    B.   **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6



Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

    Name: Ultimate Medical Academy, LLC
    Job or Title *(if known)*:
    Street Address: 9309 N Florida Ave
    City and County: Tampa, Hillsborough
    State and Zip Code: Florida, 33612
    Telephone Number: 813-283-6800
    E-mail Address *(if known)*: kcrouse@ultimatemedical.edu

Defendant No. 2

    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 3

    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 4

    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Ultimate Medical Academy, LLC |
| Street Address | 9309 N Florida Ave |
| City and County | Tampa, Hillsborough |
| State and Zip Code | Florida 33612 |
| Telephone Number | 813-283-6800 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:
42 U.S.C. § 12203

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
05/22/2024-11/12/2024

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*
  Mental Health

E. The facts of my case are as follows. Attach additional pages if needed.

See attachment

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

### IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

9/13/2025

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*   9/16/2025

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Loss wages including damages of $100,000 for emotional distress.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____
Printed Name of Plaintiff _____

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA

IESHA SRADLEY
   Plaintiff,

and

ULTIMATE MEDICAL ACADEMY, LLC
   Defendant.
_____/

### CONTINUED E (facts of the case)

  Plaintiff, Iesha N. Spradley, began employment with Defendant, Ultimate Medical Academy, LLC, on or about May 18, 2020, as a Learner Services Advisor. During her employment, Plaintiff was promoted to the position of Quality Associate Manager and consistently met performance expectations. On or about May 22, 2024, Plaintiff was placed on medical leave due to a diagnosed medical condition, following the advice of her medical providers.

  Defendant approved Plaintiff's leave through its third-party administrator, Mutual of Omaha, including FMLA and short-term disability benefits. Defendant was notified of Plaintiff's medical condition and her need for leave. Plaintiff complied with Defendant's leave procedures and provided documentation as required.

1

After the initial leave period concluded in mid-to-late 2024, Plaintiff remained under medical care and had not been cleared to return to work. Plaintiff requested an extension of medical leave as a reasonable accommodation under the ADA. Defendant initially approved a limited extension of leave but later denied additional leave, citing undue hardship and internal staffing considerations.

On or about November 4, 2024, Defendant notified Plaintiff that she was required to return to work by that date or face potential termination under its attendance policy. Plaintiff informed Defendant that she had not been medically cleared to return to work and requested information regarding alternative options. Defendant advised Plaintiff that no further accommodation or leave was available.

While Plaintiff remained on leave, Defendant reassigned Plaintiff's job duties. On or about November 12, 2024, Defendant terminated Plaintiff's employment. Plaintiff did not receive a physical termination notice and was unable to access the electronic notice at that time. Plaintiff's former subordinate was subsequently promoted into Plaintiff's position. Plaintiff's employment was terminated while she remained medically restricted and unable to return to work.